FILED
 2016 Feb-05  PM 02:41
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | | |
|---|---|---|---|
| **SALLY ELIZABETH WYNN,** | } | | |
| Petitioner, | } | | |
| | } | Case No.: | **2:15-cv-8027-RDP** |
| v. | } | | **2:12-cr-261-RDP-HGD** |
| **UNITED STATES OF AMERICA,** | } | | |
| Respondent. | } | | |

## MEMORANDUM OPINION

The court has before it Sally Elizabeth Wynn's Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 (Doc. #1) filed on October 7, 2015 and amended on October 26, 2015 (Doc. #3). The Motion (Docs. #1, 3) argues that Wynn's sentence should be vacated, set aside, or corrected on the ground that she received ineffective assistance of counsel.

On November 12, 2015, the United States of America responded to the Motion by filing a Motion to Dismiss as Untimely Wynn's Motion to Vacate, Set Aside, or Correct Sentence (Doc. #4). Pursuant to the court's November 19, 2015 order (Doc. #5), Wynn filed a response to the Motion on November 30, 2015.

The court agrees with the arguments presented by the United States that Wynn's Motion pursuant to 28 U.S.C. § 2255 is time-barred. Wynn was indicted on May 31, 2012 for three counts of aiding the filing of a false tax return; a jury convicted Wynn on all three counts on January 17, 2013. (*See* Criminal Case Docs. #1, 37). On May 17, 2013, this court entered a Judgment and Commitment order sentencing Wynn to serve 36 months in custody. (*See* Criminal Case Doc. #52).

Wynn timely filed a notice of appeal. (*See* Criminal Case Doc. #54). The Eleventh Circuit affirmed Wynn's conviction and sentence, entering its judgment on May 21, 2014 and issuing that judgment as mandate on June 25, 2014. (*See* Criminal Case Doc. #89). Wynn did not file a petition for certiorari with the United States Supreme Court.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for the filing of section 2255 motions. Title 28 U.S.C. § 2255(f) requires that a movant file his or her motion within one year of "the date on which the judgment of conviction [became] final." 28 U.S.C. § 2255(f). Because Wynn did not petition the Supreme Court for certiorari after the Eleventh Circuit's ruling, her conviction became final one year after the time period for filing for certiorari ended. 28 U.S.C. § 2255(f)(1). The time period for Wynn to petition for certiorari ended on August 18, 2014. Therefore, Wynn had one year from that date (that is until August 18, 2015) to file a motion under 28 U.S.C. § 2255. Wynn's Motion was not filed until October 7, 2015. As such, her Motion (Doc. #1) is untimely and due to be dismissed. *See Clay v. United States*, 537 U.S. 522, 532 (2003).

In Wynn's amended motion for section 2255 relief, she argues that her motion is timely under § 2255(f)(3)[1] within the strictures of *Warger v. Shauers*, 135 S. Ct. 521 (2014). Because *Warger* was issued on December 9, 2014, Wynn's section 2255 motion would be timely if subsection (f)(3) of that code section governed. It does not. The issue presented to the *Warger* court has no bearing on this case and does not constitute a right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. Indeed, the issue before the *Warger* court was

---

[1] Wynn actually cites section 2255(f)(4) but she quotes section 2255(f)(3) and makes arguments only applicable under section 2255(f)(3). Wynn does not allege or establish facts for the application of section 2255(f)(4).

whether Federal Rule of Evidence 606(b) precludes a party seeking a new trial from using one juror's affidavit of what another juror said in deliberations to demonstrate the other juror's dishonesty during *voir dire*. Nothing about the question presented or the holding in *Warger* is relevant to Wynn's section 2255 claims in this case.

In her Response (Doc. #7) to the Government's Motion to Dismiss, Wynn makes the alternative argument that the one year statute of limitations should be equitably tolled because extraordinary conditions excuse her untimely filing. (Doc. #7 at 1). Specifically, Wynn argues that she "has been in a wheelchair and confined to living quarters for the majority of her incarceration. Her bedridden state prevented her from accessing the Bureau of Prisons Law Library, computers and knowledge of how to apply for the appeal." (Doc. #7 at 1).

Because the AEDPA limitation is not jurisdictional, its provisions are subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 653 (2010). To warrant the extraordinary remedy, a petitioner must demonstrate "(1) that [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way and prevented timely filing." *Holland*, 560 U.S. at 653. "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653.

Although there is no question that Wynn suffered from significant health problems during the AEDPA limitation period, she has failed to show that her condition was sufficiently debilitating to constitute "extraordinary circumstances" and that she exercised reasonable diligence during the limitation period. *See Lang v. Alabama*, 179 Fed. Appx. 650, 652 (11th Cir. 2006). In fact, much of the evidence presented to the court regarding Wynn's medical condition predates May 21, 2014, the day she was sentenced by this court. (*See generally* Doc. #7). Wynn has not demonstrated why

3

she was unable to timely file her petition (but then finally able to file it in October 2015, more than a year after the AEDPA deadline).  For example, there is no indication as to what, if anything, changed that has now allowed her to file the habeas petition.  Because Wynn has not shown that she pursued her federal rights diligently and that some extraordinary circumstance stood in the way of filing the petition, she has not shown that she is entitled to equitable tolling sufficient to render her petition timely.

For these reasons, the Motion to Dismiss (Doc. #4) is **GRANTED**.  A separate order will be entered dismissing this action with prejudice. The Clerk is **DIRECTED** to mail a copy of this order to the movant and the United States Attorney for the Northern District of Alabama.

**DONE** and **ORDERED** this \_\_\_\_5th\_\_\_\_ day of February, 2016.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE